JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Philip V. Thomas III, appeals the trial court's denial of his motion to withdraw his guilty plea and also the imposition of consecutive sentences. After reviewing the record and for the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} On September 25, 2002, Thomas was indicted by the Cuyahoga County Grand Jury on a three-count indictment charging burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree; telecommunications harassment, in violation of R.C. 2917.21, a misdemeanor of the first degree; and menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree. On November 25, 2002, Thomas pleaded guilty and the trial court found him guilty on all counts. The trial court ordered a presentence investigation.
 {¶ 3} On December 16, 2002, the trial court held a sentencing hearing at which the victim, Thomas' ex-girlfriend, addressed the trial court. Before the trial court pasted sentence, Thomas made an oral motion to withdraw his guilty pleas. The trial court denied the motion and sentenced Thomas to one year incarceration on count one, burglary, six months incarceration on count two, telecommunications harassment, and one year incarceration on count three, menacing by stalking. The sentences for count one and count two were to run concurrently. The trial court further ordered the one-year sentence for count three to run consecutively with the sentences for counts one and two. Thomas was sentenced to a total of two years incarceration.
 {¶ 4} The appellant files this timely appeal and presents three assignments of error in his pro se brief.
"I. The trial court abused its discretion by denying appellant's Request to withdraw his guilty plea prior to sentencing Because the plea was not voluntary and was induced by Promises made by the court."
"II. The trial court erred by not granting a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."
"III. The trial court erred by not making findings in accordance with R.C. 2929.14 and 2953.08(C)."
 {¶ 5} The court-appointed counsel for the appellant presents one assignment of error for review, which we will label assignment number four.
"IV. The trial court improperly imposed consecutive terms of Incarceration when there was no evidence in the record that the defendant-appellant's conduct was so great or unusual or that the imposition of consecutive terms of Incarceration were necessary to protect the public."
 {¶ 6} Appellant's first and second assignments of error will be addressed together since they are interrelated.
 {¶ 7} In his first assignment of error, the appellant claims the trial court erred by failing to allow him to withdraw his guilty plea because it was not voluntarily and knowingly made. Specifically, the appellant claims the trial court and his own attorney promised he would get probation if he pleaded guilty to the charges set forth against him. In his second assignment of error, the appellant claims the trial court erred in not holding a hearing on his motion to withdraw his guilty plea.
 {¶ 8} The standard of review to be employed in this case is abuse of discretion. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Lambros (1988), 44 Ohio App.3d 102, citingState v. Adams (1980), 62 Ohio St.2d 151, 157. A motion to withdraw a guilty plea prior to sentencing is to be freely allowed and treated with liberality. State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citingBarker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223; State v.Crayton (Sept. 4, 2003), Cuyahoga App. No. 81257. However, the decision to grant or deny such a motion is within the sound discretion of the trial court; a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521.
 {¶ 9} The factors to be considered in determining whether the trial court abused its discretion in denying a motion to withdraw are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering his plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 10} In the instant case, the appellant underwent a hearing pursuant to Crim.R. 11 prior to entering his plea. Crim.R. 11 requires that the trial court engage in the following inquiry where an individual charged with a felony seeks to enter a plea of guilty:
 {¶ 11} "(2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 12} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 13} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 14} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 15} The Supreme Court of Ohio has established that a trial court, in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C). State v. Stewart (1977), 51 Ohio St.2d 86, at 92. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990),56 Ohio St.3d 106 citing Stewart, supra; State v. Carter (1979),60 Ohio St.2d 34, 38, certiorari denied (1980), 445 U.S. 963. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Stewart, supra, at 108.
 {¶ 16} Given the above standards, Crim.R. 32.1 provides:
 {¶ 17} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 18} In the instant matter, appellant argues that his attorney and the trial court had indicated the crimes charged against him were probationable offenses and that he was promised probation in return for his guilty plea. When addressed by the court, however, he did not indicate that he was promised anything in return for a guilty plea, or that the plea was otherwise coerced. During the plea hearing, the appellant was represented by competent counsel. The trial court complied with Crim.R. 11 in accepting the appellant's plea, and there is no indication from the record that the plea was not knowingly, voluntarily or intelligently made. Furthermore, the appellant orally motioned the court to withdraw his guilty plea only after it was apparent that the trial court was going to sentence him to a prison term. The appellant's motion was untimely, and the trial court did not abuse its discretion in not holding a hearing on the motion.
 {¶ 19} The appellant's first and second assignments of error are hereby overruled.
 {¶ 20} The appellant's third and fourth assignments of error will be addressed together since both the pro se and appointed counsel's briefs argue the same claim.
 {¶ 21} First, the appellant claims the trial court erred when imposing consecutive prison terms because the appellant's conduct was not so great or unusual that consecutive terms were needed to protect the public. Second, the appellant argues that the trial court did not make the appropriate findings as required by R.C. 2929.14.
 {¶ 22} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 23} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 24} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 25} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 26} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 27} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in part:
 {¶ 28} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 29} "* * *
 {¶ 30} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code its reasons for imposing the consecutive sentences; * * *."
 {¶ 31} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. Statev. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert
(1997), 124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined above, before a defendant can be properly sentenced to consecutive terms.
 {¶ 32} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citingCincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4).
 {¶ 33} In the instant case, the appellant was afforded a full sentencing hearing under R.C. 2929.19. Prior to sentencing, the court had an opportunity to hear from the appellant, his counsel, the victim in this case, and to review the presentence investigation report prepared by the probation department. The trial court found that prison was necessary to protect the public from future crime by the appellant and that the magnitude of the crime and amount of emotional damage caused to the victim warranted a prison sentence.
 {¶ 34} First, the trial court found consecutive sentences were required in this case to protect the public from future crime or to punish the offender. Second, the trial court made a finding that the proposed consecutive sentences are not disproportionate to the seriousness of the offender's conduct. Third, the trial court made a finding that the proposed consecutive sentence is not disproportionate to the danger that the defendant poses to the public. Last, the trial court specified which of the three enumerated circumstances in R.C. 2929.14(E)(4)(a)-(c) it found.
 {¶ 35} In addition to making the above findings, the trial court is also required to give the reasons for its findings. Failure to sufficiently state the reasons for imposing consecutive sentences for convictions of multiple offenses constitutes reversible error. State v.Hoole (Nov. 8, 2001), Cuyahoga App. No. 79515. Merely reciting or tracking the statutory language in R.C. 2929.14 is not sufficient to comply with the mandate set forth in R.C. 2929.19 (B)(2) for consecutive sentences. Id.
 {¶ 36} After reviewing the record, we find the trial court provided ample reasons for its findings and for ordering consecutive sentences. Among those findings is the appellant's past and extensive criminal history, previous probation violations, pending capiases, and the testimony of the victim.
 {¶ 37} We conclude the trial court's findings and reasons for consecutive sentences were proper; therefore, appellant's third and fourth assignments of error are overruled.
 {¶ 38} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and James J. Sweeney, J., concur.